UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL L. MORROW,

       Plaintiff,

    v.

LAGGE, et al.,

       Defendants.

No.  2:15-cv-2306-EFB P

ORDER

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  He has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.    Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.    Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

1

1    of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

2    relief may be granted," or "seeks monetary relief from a defendant who is immune from such

3    relief." *Id.* § 1915A(b).

4        A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

5    of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

6    plain statement of the claim showing that the pleader is entitled to relief, in order to give the

7    defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

8    *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

9    While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

10   its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

11   U.S. 662, 679 (2009).

12       To avoid dismissal for failure to state a claim a complaint must contain more than "naked

13   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

14   action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

15   a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

16   678.

17       Furthermore, a claim upon which the court can grant relief must have facial plausibility.

18   *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

19   content that allows the court to draw the reasonable inference that the defendant is liable for the

20   misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

21   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

22   *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

23   plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

24   **III.    Screening Order**

25       For the limited purposes of § 1915A screening and liberally construed, the complaint

26   (which references "7 witness statements"), states a potentially cognizable Eighth Amendment

27   excessive force claim against defendants Lagge, Abukalam, and Liemthongsamout.

28   /////

2

The complaint, which seeks one million dollars in damages against each defendant, also names "RN Dader" and "D.A. Todd Riebe" as defendants. Plaintiff alleges that Dader applied water to his wound, which later became infected. As for Riebe, plaintiff merely states "malicious prosecution." *See* ECF No. 1 at 1. Plaintiff does not adequately link these defendants to any specific violation of his federal rights. Under the standards provided below, such vague and conclusory allegations are not sufficient to support a proper claim for relief.

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*

To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

/////

3

1    To act with deliberate indifference, a prison official must both be aware of facts from

2 which the inference could be drawn that a substantial risk of serious harm exists, and he must also

3 draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Thus, a defendant is liable if

4 he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing

5 to take reasonable measures to abate it." *Id.* at 847.  A physician need not fail to treat an inmate

6 altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*,

7 884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition,

8 even if some treatment is prescribed, may constitute deliberate indifference in a particular case.

9 *Id.*

10    It is important to differentiate common law negligence claims of malpractice from claims

11 predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment.

12 In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not

13 support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.

14 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391

15 F.3d 1051, 1057 (9th Cir. 2004).

16    In general, "a claim of malicious prosecution is not cognizable under 42 U.S.C. § 1983 if

17 process is available within the state judicial system to provide a remedy.  However, an exception

18 exists to the general rule when a malicious prosecution is conducted with the intent to deprive a

19 person of equal protection of the laws or is otherwise intended to subject a person to a denial of

20 constitutional rights.  In California, the elements of malicious prosecution are (1) the initiation of

21 criminal prosecution, (2) malicious motivation, and (3) lack of probable cause." *Usher v. Los*

22 *Angeles*, 828 F.2d 556 (9th Cir. Cal. 1987) (internal citations and quotations omitted).

23    In addition, state prosecutors are entitled to absolute prosecutorial immunity for acts taken

24 in their official capacity. *See Kalina v. Fletcher*, 522 U.S. 118, 123–24 (1997); *Buckley v.*

25 *Fitzsimmons*, 509 U.S. 259, 269–70 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 427, 430–31

26 (1976) (holding that prosecutors are immune from civil suits for damages under § 1983 for

27 initiating prosecutions and presenting cases).

28 /////

Thus, plaintiff may either proceed only on the Eighth Amendment excessive force claims against defendants Lagge, Abukalam, and Liemthongsamout, identified above, or he may amend his complaint to attempt to cure the deficiencies identified herein.  Plaintiff is not obligated to amend his complaint.

Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. Local Rule 110.

**IV.    Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

/////

2.   Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.   The allegations in the pleading are sufficient to state potentially cognizable Eighth Amendment excessive force claims against defendants Lagge, Abukalam, and Liemthongsamout.  All other claims and defendants are dismissed with leave to amend within 30 days of service of this order.  Plaintiff is not obligated to amend his complaint.

4.   With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the November 6, 2015 complaint (ECF No. 1), three USM-285 forms and instructions for service of process on defendants.  Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and four copies of the endorsed complaint.  The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendants Lagge, Abukalam, and Liemthongsamout will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure.

5.   Failure to comply with this order may result in dismissal of this action.

DATED:  March 22, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

8

FOR THE EASTERN DISTRICT OF CALIFORNIA

9
10

MICHAEL L. MORROW,                                    No.  2:15-cv-2306-EFB P

11

Plaintiff,

12

v.                                                    NOTICE OF SUBMISSION OF
                                                      DOCUMENTS

13

LAGGE, et al.,

14

Defendants.

15

In accordance with the court's Screening Order, plaintiff hereby elects to:

16

(1)  _____   proceed only with the Eighth Amendment excessive force claims against

17

defendants Lagge, Abukalam, and Liemthongsamout, and submits the following documents:

18
19

    1      completed summons form

    3      completed forms USM-285

20

    4      copies of the November 6, 2015 complaint

21

OR

22

(2)  _____   delay serving any defendant and files an amended complaint in accordance

23

with the court's Screening Order.

24
25

_____

26

                                          Plaintiff

Dated:

27
28

7